**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CLIFFORD WOODLEY,** | ) | **CASE NO.1:06CV1815** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **DAVID BOBBY,** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Clifford Woodley's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court rejects the Magistrate Judge's Report and Recommendation and dismisses Petitioner's petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. Petitioner was indicted on January 16, 2003 by the Grand Jury for Cuyahoga County, Ohio, on one count of Aggravated Murder with a Firearm Specification and one count of Having a Weapon While Under a Disability. On April 14, 2003, Petitioner entered into a plea agreement with the

1

State of Ohio. The State amended Count One to Murder, in violation of Ohio Revised Code 2903.02, with the three year Firearm Specification, to which the Petitioner pled guilty. Count two was dismissed. Following the plea of guilty, the Court sentenced Petitioner to a prison term of fifteen years to life on the Murder offense and three years on the Firearm Specification, to be served prior to, and consecutive with, the prison term on the underlying offense. Petitioner is serving an aggregate term of 18 years to Life.

On April 19, 2003, Petitioner filed a pro se Motion to Amend, Petition to Vacate, or Set Aside and or Correct Sentence O.R.C. 2925.21. The Motion to Amend is puzzling since there was no previous filing with which to amend. The docket does not reflect a ruling on this Motion to Amend. On April 29, 2003, Petitioner filed a Motion for New Trial based on newly discovered evidence, in the form of unsworn statements by others, that would implicate someone besides Petitioner as having shot and killed the victim. On May 22, 2003, the state filed a response to the motion. On June 6, 2003, the trial court, without opinion, denied the Motion for New Trial.

On July 2, 2003, Petitioner filed a timely Notice of Appeal in the Eighth District Court of Appeals from the denial of the Motion for New Trial. On September 22, 2003, the Eighth District dismissed the Notice of Appeal due to the failure of Petitioner to file the record. On October 22, 2004, Petitioner filed a pro se Motion for Appointment of Counsel to File an Application for Leave to File an Appeal. On November 22, 2004, the Eighth District, treating the motion as a Motion for Reinstatement, granted reinstatement of the appeal and appointed appellate counsel for Petitioner.

On April 15, 2005, Petitioner filed an appellant's brief, challenging the discretion of the trial court in failing to conduct an evidentiary hearing prior to ruling on the motion for new trial. On June 30, 2005, the state filed its appellee's brief. On September 26, 2005, the Eighth District affirmed the trial court's denial of Petitioner's Motion for New Trial. There was no further appeal from that decision.

On April 19, 2005, Petitioner filed a pro se Motion to Withdraw Guilty Plea. On May 19, 2005, the state filed its brief in opposition to plea withdrawal. On June 8, 2005, the trial court, without opinion, denied the motion. On September 13, 2005, Petitioner filed a pro se Motion to Set Aside the Entry of June 8, 2005, asserting therein that the clerk of court had not provided notice of the judgment on the docket. On October 25, 2005, the trial court, without opinion, denied the Motion to Set Aside the Entry of June 8, 2005. There was no further appeal from that decision.

On December 7, 2005, Petitioner filed in the Eighth District Court of Appeals a pro se Notice of Appeal and Motion for Leave to File Delayed Appeal from the judgment of June 8, 2005 denying withdrawal of plea. On January 17, 2006, the Eighth District, without opinion, denied leave to file a delayed appeal. On February 21, 2006, Petitioner filed a timely pro se Notice of Appeal and Jurisdiction Memorandum in the Ohio Supreme Court from the judgment denying leave to file a delayed appeal from the denial of plea withdrawal. On May 10, 2006, the Ohio Supreme Court declined jurisdiction to hear the appeal and dismissed the appeal as not involving any substantial constitutional question. There was no further appeal from that decision.

On July 18, 2006, Petitioner filed the instant pro se Petition for Writ of Habeas Corpus asserting the following claim:

> **GROUND ONE**: Petitioner was denied effective assistance of counsel where his guilty plea to murder was not knowingly, intelligently and voluntarily entered after counsel threatened to withdraw from the case if petitioner refused to plead guilty.
>
> **Supporting FACTS:** The prejudice to petitioner in this case is that he was threatened with an act forbidden by law. Had he known that he could not be subjected to having counsel provide substandard performance if he chose to exercise his right to go to trial, there is more than a reasonable probability he would not have plead guilty.

3

On October 2, 2006, this Court referred Petitioner's petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on November 4, 2008. Petitioner timely filed his Objections to the Report and Recommendation on November 18, 2008.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the  report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

4

**ANALYSIS**

The Magistrate Judge recommends the Court overlook the procedural default and deny Petitioner's Petition on the merits.  However, as the Respondent correctly points out, before a state prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, he must exhaust his state court remedies by fairly presenting all of his constitutional claims to the highest state court and to all appropriate state courts prior to that. 28 U.S.C. § 2254 (b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).

In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir.), cert. denied, 400 U.S. 906 (1970). In order to fairly present habeas claims to the state courts, such claims must be presented at the first available opportunity, *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994). The exhaustion requirement is satisfied if it is clear that claims are procedurally barred under state law. *Gray v. Netherland*, 518 U.S. 152 (1996).A federal habeas corpus court is barred from hearing issues that could have been raised in the state courts, but were not, and now may not be presented to those state courts due to procedural default or waiver. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982).

Furthermore, the Court agrees, the fact that Petitioner was incarcerated and acting pro se does not excuse his procedural default. See *Hannah v.Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995); *Barksdale v. Lane*, 957 F.2d 379, 385-86 (7th Cir. 1992). Also, the Sixth Circuit Court of Appeals has determined that a review of the merits as an alternative to a finding that a procedural default exists, does not excuse or diminish the procedural default. *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000) and *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000).

5

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Maupin v. Smith*, 785 F.2d 135, 138 (1986).

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; second, the court must decide whether the state courts actually enforced the state procedural sanction; third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim;once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate  that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

Respondent correctly points out that if, because of a procedural default, a habeas corpus petitioner can no longer present one or more of his claims to the state courts, then he has waived those claims for purposes of federal habeas corpus review unless he can demonstrate (a) cause for the procedural default and (b) actual prejudice resulting from the alleged constitutional error*. Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, supra; *Wainwright v. Sykes*, supra; *United States v. Frady*, 456 U.S. 152, 168 (1982). Demonstrating "cause" requires showing that an objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule. *Murray*, *supra*, at 488. Demonstrating "prejudice" requires showing a disadvantage "infecting" the trial with constitutional error. *Frady*, *supra*, at 168.

As the Respondent makes clear, the one ground for relief is presented in

the context of ineffective assistance of counsel in allegedly threatening to withdraw as counsel for trial purposes unless Petitioner entered a guilty plea prior to the trial date. Petitioner alleges the threat by trial counsel caused his plea to be invalid. Petitioner first presented this claim in his Motion to Withdraw Guilty Plea. The claim was not presented to either the Eighth District Court of Appeals or the Ohio Supreme Court.  This Court agrees with Respondent that the claim is now defaulted and waived in a habeas petition. Furthermore, Petitioner cannot demonstrate cause or prejudice, or actual innocence, to excuse the default where the ground is patently unsubstantiated by the guilty plea record.  The allegation that Petitioner's plea was involuntary as a result of threats by trial counsel is not supported by the record.

For the foregoing reasons, the Court finds Petitioner's habeas petition is procedurally barred.  The Court rejects the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition under 28 U.S.C.§2254 for Writ of Habeas Corpus by a person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:1/29/2009

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge